## McGinnis v. Commonwealth.

(Decided October 4, 1921.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Appeal and Error—New Trial—Affidavits—Bill of Exceptions.—Affidavits which are offered in support of a motion and grounds for new trial must be filed in the court below and noted of record, otherwise they cannot be considered on appeal to this court, unless they are presented by way of bill of exceptions, signed and approved by the trial judge.

2. Criminal Law—Bill of Exceptions.—Where there is no bill of exceptions accompanying the record this court is not at liberty to consider any documents or papers accompanying the record which are not authenticated by orders of the court.

J. M. YORK for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal presents two judgments against Claude McGinnis, each imposing a fine and a term in jail. One of the indictments charges him with operating a moonshine still, and on this he was fined $500.00 and sentenced to a term of ninety (90) days in the county jail; the other indictment charges him with unlawfully transporting intoxicating liquor, on which he was fined $300.00 and sentenced to sixty (60) days in the county jail. He appeals.

McGinnis admits that he is guilty of both offenses as well as many other violations of the prohibition laws,

but he says that he was treated unfairly by the Commonwealth's attorney with reference to an alleged agreement made between them, whereby appellant McGinnis was to make a full confession of all his wrongdoing in connection with the manufacture and sale of whiskey, for which the attorney for the Commonwealth agreed to recommend to the trial court the imposition of a fine of $50.00 and ten (10) days in jail in one case and file all other indictments against appellant away, pending appellant's good behavior.

Appellant McGinnis resided about fourteen (14) miles from the court house at Catlettsburg. His cases were set for a day certain and he was on bond to appear and answer. On the day set for trial of the cases against him McGinnis says he started from his home in his automobile for Catlettsburg to be present at the trials, but his car broke down, causing delay which made him too late for the trials. At any rate the cases were tried before appellant arrived at court. It appears, however, that his bondsmen delivered him to the jailer some time in the afternoon of the day of his conviction. The attorney for the Commonwealth says he did have a proposal from appellant McGinnis whereby McGinnis offered to make a full confession of violations of the dry laws and to deliver his still and apparatus for the manufacture of liquor to the sheriff and to become a witness for the Commonwealth against others illegally engaged in the whiskey business, and especially his confederates, but the attorney says in an affidavit filed and made a part of the record that McGinnis failed to keep his agreement and did not deliver his still nor testify before the grand jury about other violations of the law of which McGinnis knew.

Accompanying the record are three or four affidavits of appellant McGinnis setting forth his alleged wrongdoing and agreement with the Commonwealth's attorney in support of his motion for new trial, but there is no order of the court showing that said affidavits were filed in the court below nor made a part of the record in any way. Neither is there any endorsement on the affidavits showing them to have been filed before the clerk or any one. There is no bill of exceptions. Under this state of the record we are not at liberty to consider the affidavits of appellant, the only record offered in support of his motion for new trial in the lower court, if they were offered. We cannot consider documents which accompany a record and which are not identified and authenticated

by the orders of the trial court or bill of exceptions. With these supposed affidavits stricken from the record there is nothing for the court to consider except the two motions and grounds filed in the lower court for new trial. These motions being wholly unsupported the trial court properly refused appellant a new trial in each case, and there is no reason shown why this judgment should not be affirmed.

Judgment affirmed.